**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL  DIVISION**

|  |  |
|---|---|
| **NELSON MBONY,** **IMMACULATE MBONY,** | **Chapter 7** **Case No.:  23-40795-CJP** |
| **Debtors** |  |

## TRUSTEE'S LIMITED OBJECTION TO MOTION OF GERALDA JEAN AND JEAN RONALD BAILLARD FOR RELIEF FROM STAY

NOW COMES Steven Weiss, Trustee, through his counsel and submits this limited

objection to the Motion of Geralda Jean and Jean Ronald Baillard for Relief from the

Automatic Stay [Dkt. No. 24, "Motion"]. In support thereof, the Trustee respectfully states

as follows:

1.    The Trustee admits the allegations in ¶ 1 of the Motion.

2.    The Trustee admits the allegations in ¶ 2 of the Motion.

3.    The Trustee admits the allegations in ¶ 3 of the Motion.

4.    The Trustee admits the allegations in ¶ 4 of the Motion.

5.    The Trustee admits the allegations in ¶ 5 of the Motion.

6.    The Trustee admits the allegations in ¶ 6 of the Motion.

7.    The Trustee admits the allegations in ¶ 7 of the Motion.

8.    The Trustee admits that the Creditors are seeking relief for cause, but neither

admits nor denies whether they are entitled such relief.

9.      The allegations in ¶ 9 of the Motion constitute a legal argument to which no response is required.

10.     The Trustee admits the allegations in ¶ 10 of the Motion.

11.      The Trustee admits the allegations in ¶ 11 of the Motion.

12.     The Trustee admits that the amounts stated to be owed in ¶ 12 are approximately correct, but reserves the right to seek a complete accounting of the amounts owed.

13.     The Trustee admits that is the value stated in the Debtors' schedules; however, he neither admits nor denies that is the actual value.  In further answer, at a recent meeting of creditors the Debtors testified that they believed the current value of the Property to be approximately $800,000.00.

14.     The allegations in ¶ 14 of the Motion constitute a legal argument to which no response is required.

15.     The allegations in ¶ 15 of the Motion constitute a legal argument to which no response is required.

16.     The allegations in ¶ 16 of the Motion constitute a legal argument to which no response is required.

17.     The allegations in ¶ 17 of the Motion constitute a legal argument to which no response is required.

18.     The allegations in ¶ 18 of the Motion constitute a legal argument to which no response is required.

19.     The Trustee denies the allegations in ¶ 19 of the Motion, for the reasons set forth

below.

20.     The Trustee neither admits nor denies the allegations in ¶ 20 of the Motion, for the reasons set forth below.

## ADDITIONAL RESPONSES

21.     The Trustee acknowledges that the Creditors have a judgment for specific performance, and while the Trustee believes that the Debtors deny that the judgment is enforceable in light of their Chapter 7 filing, the Trustee does not currently have a position on that issue.

22.     If the Creditors' Motion is granted, and the judgment for specific performance can be enforced, the Trustee believes there is little or no equity for the estate.

23.     However, if the Creditors' Motion is denied, there may be significant equity in the Property for the estate, for the following reasons.

24.     The Trustee believes that the Debtors' recorded declaration of homestead is defective.  The Debtors are claiming the $500,000 "declared" homestead pursuant to M.G.L. Ch. 188, § 3.  However, the recorded declaration (a copy of which is annexed hereto as <u>Exhibit "A"</u>), fails to identify Nelson Mbony as a non-titled spouse, even though, on information and belief, the Debtors were then married.  M.G.L. Ch. 188, § 5 states that "a declaration of homestead shall be in writing….[and, among other requirements]…(1) each owner to be benefitted by the homestead, *and the owner's nontiled spouse, if any, shall be identified;* (emphasis added).  The Trustee contends that as the declaration of homestead is defective, the

Debtors are entitled only to the $125,000 "automatic" homestead under Ch. 188, § 4.[1]

25.     The Property is subject to mortgage liens of approximately $446,000.00; the Creditors' judgment claim is unsecured.[2]  The Debtors have testified that the Property may be worth as much as $800,000.  If that is true, there is substantial non-exempt equity for the estate.

26.     For these reasons, if the Creditors are non-entitled to enforce the specific performance judgment, the Motion should be denied.

Respectfully submitted this 29th day of November, 2023.

STEVEN WEISS,
CHAPTER 7 TRUSTEE


/s/ Steven Weiss
Steven Weis, Esquire
BBO #5455619
Shatz, Scwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA  01103
(413)-737-1131
sweiss@ssfpc.com

23\0488\ltd.Objection.Stay.1601

---

[1]   In *In re Luu*, 2022 Bankr. LEXIS 1071 (Bankr,. D.Mass. 2022), this Court sustained an objection to a declared homestead statute because it failed to comply with a different requirement in Ch. 188, § 5, i.e., that it was not signed under penalties of perjury, and that this was a material requirement of the statute.  The Court did not reach the question presented by the Debtors' homestead declaration in this case.  However, the Trustee believes that the requirement for the non-titled spouse to be identified is equally material.
[2]   While they recorded a lis pendens, the Trustee does not believe that constitutes a lien securing their judgment.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL  DIVISION**

|  |  |
|---|---|
| **NELSON MBONY,**<br>**IMMACULATE MBONY,** | **Chapter 7**<br>**Case No.:  23-40795-CJP** |
| **Debtors** |  |

## <u>CERTIFICATE OF SERVICE</u>

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on November 29, 2023, a copy of the foregoing Trustee's Limited Objection to Motion for Relief from the Automatic Stay was mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Nelson Mbony
Immaculate Mbony
60 King Street
Dracut, MA  01826

Glenn F. Russell, Jr.
Law Office of Glenn F. Russell, Jr.
38 Rock Street, Suite #12
Fall River, MA  02720

Tatyana P. Taabchnik, Esq.
Richard C. Demerle, Esq.
10 City Square
Boston, MA 02129

/S/ Steven Weiss
Steven Weiss, Esquire

5