UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| In re: NELSON MBONY AND IMMACULATE MBONY, Debtors. | Chapter 7 Case No. 23-40795-CJP |
|---|---|

**RESPONSE OF GERALDA JEAN AND JEAN RONALD BAILLARD TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

NELSON MBONY AND IMMACULATE MBONY (hereinafter "**Debtors**") ask this Court to deny the motion of Geralda Jean and Jean Ronald Baillard (hereinafter "**Creditors**") for relief from stay but offer the Court no factual or legal reason for their opposition. The Debtors allege that the Chapter 7 trustee can exercise his authority under 11 U.S.C. §544 against the Creditors. However, the Debtors lack standing to argue the rights of the trustee. Further, even if the Debtors could argue that the Court should consider the trustee's rights in this case, the trustee lacks the status of a bona fide purchaser because – as is evident in the very case that the Debtors cite in opposition to the motion for relief – the Creditors' recording of a notice of lis pendens deprived the trustee of status as a hypothetical bona find purchaser without notice. For these reasons, this Court should grant the Creditors' motion for relief from stay. In response to the Debtors' opposition, the Creditors state as follows.

**THE DEBTORS LACK STANDING TO ARGUE THE TRUSTEE'S RIGHTS TO OBJECT TO THE MOTION FOR RELIEF FROM STAY**

1.  This Court should grant the <u>Motion of Geralda Jean and Jean Ronald Baillard for Relief from the Automatic Stay</u> (the "**Motion for Relief**") because the Debtors lack standing to argue the Trustee's rights to object to the Motion for Relief. The rule is that "[t]he avoidance powers in Chapter 5 of the Bankruptcy Code, including those granted by § 544, extend by their plain language only to trustees." <u>Kalesnik v. HSBC Bank USA, N.A. (In re Kalesnik)</u>, 571 B.R. 491, 498 (Bankr.D.Mass. 2017) (Katz, J.). The trustee, and not the chapter 7 debtor, possesses standing to appeal from a bankruptcy court order affecting property of the estate. <u>Spenlinhauer v. O'Donnell</u>, 261 F.3d 113, 118 (1st Cir. 2001) (citations omitted). "Since title to property of the estate no longer resides in the chapter 7 debtor, the debtor typically lacks any pecuniary interest in the . . . disposition of that property." <u>Id.</u>, citing <u>In re El San Juan Hotel</u>, 809 F.2d 151, 154-55 (1st Cir. 1987); <u>Arroyo v. Scotiabank de Puerto Rico (In re Arroyo)</u>, 489 B.R. 486, 488, 2013 Bankr. LEXIS 1376, *4-5, 57 (1st Cir. B.A.P. 2013). In the instant case, the Debtors oppose the Motion for Relief on the grounds that the Chapter 7 trustee, Steven Weiss ("**Trustee")** has an interest in the subject property that "trumps any interest that Creditors received in their state court Judgment for specific performance." <u>Debtors, Immaculate Mbony and Nelson Mbony Objection to Geralda Jean and Jean Ronald Baillard Motion for Relief from Stay</u> (the "**Objection to Motion for Relief**"), p. 4, ¶ 17. However, the Trustee is not taking a position as to whether or not the state court judgment in favor of the Creditors for specific performance is enforceable in light of the

2

Debtors' Chapter 7 filing.  <u>Trustee's Limited Objection to Motion of Geralda Jean and Jean Ronald Baillard for Relief from Stay</u> (the "**Trustee's Limited Objection**"), Doc. No. 46, p. 3, ¶ 21.  Therefore, because the Debtors lack standing to argue the Trustee's status as bona fide purchaser, this Court should grant the Motion for Relief.

### THE TRUSTEE CANNOT USE §544 TO TRUMP CREDITORS' INTEREST IN THE PROPERTY

2. This Court should grant the Motion for Relief because the Trustee lacks status as a bona fide purchaser.  The rule is that "the trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by … a bona fide purchaser of real property."  <u>11 U.S.C. §544(a)(3)</u>.  In this case, the Debtors argue that the Trustee's status as a bona fide purchaser trumps the Creditors' interest in the property pursuant to the state court's judgment for specific performance, and that Creditors' reliance upon <u>In re Roxse Homes, Inc.</u> is "misplaced, and inapposite." <u>See</u> <u>Objection to Motion for Relief</u>, p. 4, ¶¶ 17 and 18.  However, in fact the Debtors' reliance on <u>In re Pina</u> is inapposite.  In <u>Pina</u> – where a creditor sought to enforce specific performance of a state court judgment ordering the sale of the debtor's real property – the Court held that "[h]ad KAC availed itself of the expedient of recording the October 11, 2005 judgment in accordance with Mass. Gen. Laws ch. 183, §§ 4 or 44 or Mass. Gen. Laws ch. 184, § 17, **or had it recorded a lis pendens**, the Trustee would have had notice and, therefore, would be unable to prevail as a hypothetical bona fide purchaser without notice."  <u>In re</u>

3

Pina, 363 B.R. 314, 330, 2007 Bankr. LEXIS 728, *46 (Feeney, J.) (emphasis added). In this case, on May 6, 2021 the Creditors recorded a Memorandum of Lis Pendens ("**Lis Pendens**") with the Middlesex (North) Registry of Deeds in Book 35718, Page 44 regarding their Superior Court action. Exhibit A, attached. In approving the Lis Pendens, the Superior Court found that "there is a clear danger that the defendants, if notified in advance of the endorsement of the memorandum, will convey or encumber the property." See Exhibit A. As the Creditors properly recorded the Lis Pendens under G.L. c. 184, § 15, the Trustee does not have rights as a hypothetical bona fide purchaser and cannot sell the subject property to satisfy creditors of the bankruptcy estate, as suggested in the Objection to the Motion for Relief. For this reason, this Court should grant the Motion for Relief.

3. In an analogous situation, the U.S. Bankruptcy Court for the District of Massachusetts (Bostwick, J.) ordered specific performance for the sale of real property in a Chapter 7 case. In HomeOwners Assistance Program LLC v. Cruickshank, the plaintiffs were entitled to specific performance of a post-petition agreement the debtor entered into to sell certain property because the buyer demonstrated that she was ready, willing and able to close once the debtor performed his obligation to convert the property to condominiums. HomeOwners Assistance Program LLC and another[1] v. Cruickshank and another[2] (In re Lozano), 2022 Bankr. LEXIS 3664, *1, 2022 WL 17996126 (Bostwick, J.). The court had approved the sale and directed the debtor to

---

[1] Pilar Sanchez.
[2] Mario Rene Lozano, debtor.

4

close the sale, but the debtor did not perform his obligations and instead moved family members into the property.  Id.  The debtor breached his obligations under the agreement, including his obligation to act in good faith.  Id.  The Court found that "[u]nder Massachusetts law, specific performance is an appropriate equitable remedy for breach of contract to purchase real property given the unique nature of interests in land." Id., 2022 Bankr. LEXIS 3664, *16, 2022 WL 17996126.  The Court went on to state that "[t]he Plaintiffs should not be precluded from their rights under the Agreement because of the refusal of Mr. Lozano to perform his obligations under the Agreement or the delays caused between the trial and the issuance of this ruling."  Id., 2022 Bankr. LEXIS 3664, *29, 2022 WL 17996126.  In the instant case, the Creditors were ready, willing and able to close the sale of the Property, but debtor Immaculate Mbony did not perform her obligations under the agreement and, instead, deeded the Property to herself and her husband, debtor Nelson Mbony, the day after the sale was supposed to be consummated.  The Superior Court, in order to make the Creditors whole, also ordered that the Debtors compensate the Creditors in the amount of $145,978.00, which could be satisfied by a reduction in the purchase price of $562,225.00.  See Exhibit B, attached.  The reduction in purchase price to $416,247.00 is appropriate as part of the relief order to effectuate specific performance as this reduction will restore the Creditors to the position that they were in had the Debtors not breached the Purchase and Sale Agreement, as discussed in Exhibit B.  For these reasons, this Court should grant the Motion for Relief.

## THE DEBTORS REMAINING ARGUMENTS DO NOT SUPPORT DENYING THE MOTION FOR RELIEF

4. This Court should grant the Motion for Relief because the Debtors' remaining arguments do not support denying the Motion for Relief.

- Debtors have not demonstrated that a Trustee sale of the Property would result in an overall surplus in the chapter 7 estate -- *viz.*, a total nonexempt-asset valuation exceeding all allowed claims against the chapter 7 estate -- to which the debtor, *qua individual*, would become entitled once the bankruptcy case is closed, *see, e.g.*, *Cundiff v. Cundiff (In re Cundiff)*, 227 B.R. 476, 478 (B.A.P. 6th Cir. 1998) (citing 11 U.S.C. § 554(c), noting that all unadministered chapter 7 estate property revests in the individual debtor at close of bankruptcy case). Spenlinhauer v. O'Donnell, 261 F.3d 113, 119, 2001 U.S. App. LEXIS 18743, *14, 46 Collier Bankr. Cas. 2d (MB) 1215, 38 Bankr. Ct. Dec. 86. The Debtors admit that the liquidation value of the subject property (the **"Property"**) is $528,235.10. *See* Objection to Motion for Relief, p. 2, ¶ 14. Further, the Debtors' statement that the Property is worth $800,000.00 has not been corroborated by any written valuation. The Debtors' testimony at the 341 meeting of creditors was that the valuation came from Zillow.com, which currently reflects an assessed value of $615,800.00. *See* Exhibit C, attached.

- Contrary to the Debtors' allegations in their Objection, there is also no evidence that granting relief from the automatic stay would be prejudicial to creditors of the bankruptcy estate. According to the Debtors' schedules and testimony at the 341 meeting, the Debtors have a non-exempt two-thirds interest in real estate located in Delaware, worth approximately $250,000.00, that can be sold by the Trustee for the benefit of creditors. *See* Trustee's Objection to Debtors' Homestead Exemption in Delaware Real Estate at Docket No. 39.

- Debtors' argument that Creditors failed to record their Judgment and therefore did not create a lien "sufficient to seek a lifting of the stay" is nonsensical. Creditors are not contending that they have a secured lien on the Property, nor are they required to have a secured lien in order to seek relief from the automatic stay. The Motion for Relief was filed in order to enforce a valid state court judgment, which is currently an unsecured debt.

For these reasons, this Court should grant the Motion for Relief.

WHEREFORE, the Creditors respectfully request that the Court take the following action:

(a) grant the Creditors relief from the automatic stay so that they may enforce their rights for specific performance under the Judgment; and

(b) grant the Creditors such other and further relief as is just and proper.

7

Respectfully submitted,

GERALDA JEAN AND
JEAN RONALD BAILLARD,

By their attorneys,

DEMERLE HOEGER LLP,

*/s/ Tatyana P. Tabachnik*
Tatyana P. Tabachnik, Esq. (BBO#673236)
Richard C. Demerle, Esq. (BBO#652242)
10 City Square
Boston, MA 02129
(617) 337-4444
Bankruptcy@DHNewEngland.com

DATE:  December 11, 2023