UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| **NELSON MBONY,**<br>**IMMACULATE MBONY,**<br><br>**Debtors** | **Chapter 7**<br>**Case No.: 23-40795-CJP** |

**TRUSTEE'S MOTION FOR AUTHORITY**
**TO COMPROMISE CLAIMS IN DEBTORS' REAL ESTATE**

NOW COMES Steven Weiss, Trustee (the "Trustee") for the estate of Nelson and Immaculate Mbony, and, pursuant to Federal Rule of Bankruptcy Procedure 9019, hereby requests authority to compromise claims relating to the non-exempt equity in the Debtors' real estate in Middletown, Delaware, as set forth in more detail, below. In support thereof, the Trustee respectfully states as follows:

1. On September 7, 2023 (the "Petition Date") Nelson & Immaculate Mbony (the "Debtors") filed a petition for relief under Chapter 7 of the Bankruptcy Code with this Court.

2. Steven Weiss was appointed as Chapter 7 Trustee.

3. The matters set forth herein constitute core proceedings, pursuant to 28 U.S.C. § 157(b)(2)(A).

4. The Debtors own a two-thirds interest in real estate at 1 Wood Stork Court, Middletown, Delaware (the "Delaware Property"), along with Adeline Foryoung who, on information and belief, is Ms. Mbony's sister.

1

5. In their schedules (as amended) the Debtors state that the Delaware Property has a value of $695,000 and is subject to a mortgage in the approximate amount of $327,000.

6. While the Debtors initially claimed their interest in the Delaware Property as exempt, the Trustee filed an objection to the claim of exemption, which was sustained. Moreover, in the amended schedules the Debtors withdrew their exemption in the Delaware Property.

7. As a result, the Delaware Property is property of the bankruptcy estate, and appears to have approximately $246,000 non-exempt equity attributable to the Debtors' interest in the Delaware Property[1].

8. The Trustee has engaged in negotiations with the Debtors regarding the non-exempt equity in the Delaware Property. As a result of those discussions, the parties have reached the following agreement, subject to approval by this Court:

- The Debtors and Ms. Foryoung will execute a note (the "Note") payable to the Trustee for One Hundred Sixty Thousand and 00/100 ($160,000.00) Dollars. The Note will accrue interest at a rate of eight (8) percent. Payments will be based upon a 30-year amortization, resulting in monthly payments of $1,174.65. However, the loan will mature five (5) years after execution.

- The Debtors and Ms. Foryoung will grant the Trustee a second priority mortgage on the Delaware Property (the "Mortgage") to secure payment of the Note.[2]

---

[1] Value of $695,000, less mortgage debt of $327,000 equals $368,000; two-thirds of which equals $246,000.
[2] All recording costs will be paid by the Debtors.

2

9. It is the Trustee's intention to sell the Note and Mortgage (subject to Court approval). Copies of the draft Note and Mortgage[3] are annexed hereto as Exhibits "A" and "B", respectively.

10. The Trustee believes this compromise is in the best interests of the estate for several reasons.[4] The Debtors do not otherwise have the means to compensate the estate for the non-exempt equity in the Delaware Property.

11. There would be two means of liquidating the Debtors' interest in the Delaware Property, both of which could be problematic, as Ms. Foryoung and her minor children reside in the Delaware Property. The Trustee could sell the Debtors' two-thirds interest; however, in the Trustee's experience there are significant discounts when selling partial interests.

12. Alternatively, the Trustee could commence an adversary proceeding seeking to sell the entire property—including Ms. Foryoung's interest—pursuant to Bankruptcy Code § 363(h). However, that would require the Trustee to file an adversary proceeding and, while the Trustee is confident that he would prevail, the costs, delays and uncertainties in that litigation, coupled with the costs of (eventually) selling the Property through a broker or auctioneer, would reduce the net recovery for the estate.

13. In evaluating a settlement for the estate, a Bankruptcy Court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Jeffrey v. Desmond*, 70 F.3d 183, 185, *quoting In re GHR Cos.*, 50 B.R. 931 (Bankr. D. Mass. 1985). A Trustee's judgment concerning the

---

[3] The mortgage annexed hereto is based on recording requirements in Massachusetts. The actual mortgage will conform with applicable Delaware law.
[4] The comments set forth in this motion are for purposes of explaining the benefits of the proposed compromise. They do not constitute admissions by the Trustee in this or any other

3

justifications for a settlement is ordinarily provided some deference. *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87 (1st Cir. 1997); and *In re FiberCore, Inc.*, 391 B.R. 647 (Bankr. D. Mass. 2008) (citations omitted).

14. The Trustee believes that this compromise satisfies these criteria.

WHEREFORE, for cause shown, and pursuant to Bankruptcy Rule 9019 the Trustee respectfully prays:

1. That this Court authorize the Trustee to enter into the forgoing agreement with the Debtors;

2. That the Trustee be authorized to execute documents reasonably necessary to complete this agreement; and

3. For such further relief as this Court deems just and proper.

Respectfully submitted this 11th day of March, 2024.

STEVEN WEISS, TRUSTEE

By: /s/ Steven Weiss
Steven Weiss, Esquire
sweiss@ssfpc.com
BBO #545619
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA  01103
Telephone:  413-737-1131
Facsimile:  413-736-0375

The undersigned agree to the foregoing compromise:

---

adversary proceeding, and the Trustee reserves all rights available to the estate if the compromise is not approved.

WHEREFORE, for cause shown, and pursuant to Bankruptcy Rule 9019 the Trustee respectfully prays:

1. That this Court authorize the Trustee to enter into the forgoing agreement with the Debtors;

2. That the Trustee be authorized to execute documents reasonably necessary to complete this agreement; and

3. For such further relief as this Court deems just and proper.

Respectfully submitted this __th day of _____, 2024.

STEVEN WEISS, TRUSTEE

By: /s/ Steven Weiss
Steven Weiss, Esquire
HYPERLINK "mailto:sweiss@ssfpc.com"
sweiss@ssfpc.com
BBO #545619
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
Telephone: 413-737-1131
Facsimile: 413-736-0375

The undersigned agree to the foregoing compromise:

_____
NELSON MBONY

_____
IMMACULATE MBONY

_____
ADELINE FORYOUNG

TERM NOTE

|  |  |
|---|---|
| | Shatz, Schwartz and Fentin, P.C. Draft of February 27, 2024 |

$160,000.00     Dracut, Massachusetts

_____, 2024

For value received, the undersigned Nelson Mbony and Immaculate Mbony, of _____, and Adeline Foryoung, of 1 Wood Stork Court, Middletown, Delaware promises to pay to Steven Weiss ("Holder"), Chapter 7 Trustee, or order at 1441 Main Street, Springfield, Massachusetts, One Hundred Sixty Thousand and 00/100 ($160,000.00) Dollars, plus interest, as follows: (1) interest shall accrue at a fixed rate of eight (8.0%) percent. (2) Payments of principal and interest shall be on a thirty year amortization schedule; however, the note will mature and be payable in full five (5) years from this date.

Monthly payments of principal and interest each in the amount of $1,174.65 shall commence on _____ 15, 2024, and continue on the same day of each month thereafter through and including _____ 15, 2029 (the "Maturity Date") on which date any unpaid amount shall be due and payable in full without notice on demand.

Interest will be computed based on a 360-day year.

All payments shall be applied first to interest due and owing to the date of payment and the balance, if any, to principal.

This Note may be prepaid in whole or in part before maturity without penalty.

All parties to this Note waive presentment of payment, demand, protest, notice of nonpayment or dishonor, and protest of nonpayment or dishonor.

At the option of the Holder, all liabilities of the undersigned to Holder shall become immediately due and payable without notice or demand upon the occurrence of any one or more of the following (each an "Event of Default"): default in the payment or performance of this Note; death, reorganization, insolvency, business failure, the filing of any petition under any federal or state bankruptcy statute, by or against the undersigned, and the application for the appointment of a receiver for any assignment for the benefit of creditors; the issuing of any attachment or garnishment, or filing of any lien, against the property pledged as security for this note; or a default by any party under any mortgage or security agreement securing in any way the indebtedness evidenced by this Note.

No delay or omission on the part of the Holder in exercising any right hereunder shall operate as a waiver of such right or of any other right under this Note. Waiver on any one occasion shall not be construed as a bar to or waiver of any such right and/or remedy on any future occasion.

2

The undersigned will pay on demand all costs of collection and attorneys' fees incurred or paid by the Holder in protecting and enforcing the Holder's rights whether or not involving litigation.

As it is herein used, the term "Holder" shall mean the payee or other endorsee of this Note who is in possession of it, or the bearer hereof, if this Note is at the time payable to the bearer.

Liability of the undersigned, if more than one, shall be joint and several. The provisions of this Note are binding on the heirs, executors, assigns and successors of each and every party hereof.

This Note is secured by a second mortgage on property at 1 Wood Stork Court, Middletown, Delaware.

Executed as a sealed instrument on the date set forth above.

By_____
NELSON MBONY

_____
Witness

By_____
IMMACULATE MBONY

_____
Witness

By_____
ADELINE FORYOUNG

_____
Witness

23\0488\Note.1601

EXHIBIT B

Shatz, Schwartz and Fentin, P.C.
Draft of
February 27, 2024

Property Address: 1 Wood Stork Court, Middletown, Delaware

Above for Registry Use Only

## MORTGAGE

NELSON MBONY, IMMACULATE MBONY, AND ADELINE FORYOUNG (hereinafter called "Mortgagors") grant to Steven Weiss of 1441 Main Street, Springfield, Massachusetts, as Chapter 7 Trustee in the bankruptcy case of Mortgagors Nelson and Immaculate MBony, Case No. 23-40795-CJP, (hereinafter called "Mortgagee") with MORTGAGE COVENANTS, a certain piece or parcel of land with all buildings and improvements thereon, located at 1 Wood Stork Court, Middletown, Delaware, and being more particularly bounded and described in Exhibit A attached hereto and made a part hereof (the "Premises") to secure (i) payment of One Hundred Sixty Thousand and 00/100 ($169,000.00) Dollars as provided in a certain promissory note dated _____, 2024, together with any modifications, amendments, extensions and renewals (the "Note"); (ii) payment and performance of all obligations now existing or hereafter arising from Mortgagors to Mortgagee, together with any modifications, amendments, extensions and renewals and (iii) payment and performance of Mortgagors' obligations hereunder (collectively, the "Obligations").

Mortgagors agree to keep the Premises and the appurtenances thereunto belonging in good repair.

Mortgagors agree to keep the Premises insured against loss by fire, including explosion, and other hazards in such amounts as is customary for similar Premises. All premiums shall be paid by Mortgagors making payment, when due, directly to the insurance carrier. All insurance policies and renewals thereof include a standard mortgagee clause listing Mortgagee as Mortgagee and Mortgagors shall furnish a certificate thereof to Mortgagee within ten (10) days following request therefor.

Mortgagors agree to pay, when due, all sums due under the Obligations, and all water rates, taxes, and assessments upon the Premises.

In the event of any default in the performance of any of Mortgagors' covenants or agreements herein or in the Obligations secured hereby, the Mortgagee may, at its option, perform the same and the cost thereof, with interest at the rate set forth in the note secured hereby, shall immediately be due from the Mortgagors to the Mortgagee and be secured by this Mortgage.

As additional security hereunder, Mortgagors hereby assign to Mortgagee the rents of the mortgaged Premises, provided that Mortgagors shall, prior to default and notice by Mortgagee of its intention to collect said rents, have the right to collect and retain such rents as they become due and payable.

Any failure to exercise any option in the Obligations or this Mortgage at any time shall not constitute a waiver of the right to exercise the same at any other time.

In the event Mortgagors convey or mortgage any interest in the Premises, the Obligations shall, at the option of the Mortgagee, be immediately due and payable.

The purchase money, proceeds or avails of sale made under or by virtue of this Mortgage shall be applied as follows:   First:   To the payment of the costs and expenses of such sale, including reasonable compensation to the Mortgagee, its agents and counsel, and of any judicial or nonjudicial proceedings wherein the same may be made, and of all expenses, liabilities and advances made or incurred by the Mortgagee under this Mortgage, together with interest at the rate specified in the Note on all advances made by the Mortgagee and all taxes or assessments, except any taxes, assessments or other charges subject to which the Premises shall have been sold.   Second: To the payment of the whole amount then due, owing or unpaid upon the Obligations for principal, premium, if any, and interest, with interest on the unpaid principal at the rate specified in the Note from and after the happening of any Event of Default described above from the due date of any such payment of principal until the same is paid.   Third: To  the payment of any other sums required to be paid by the Mortgagor pursuant to any provisions of this Mortgage or of the Obligations.   Fourth: To the payment of the surplus, if any, to whomsoever may be lawfully entitled to receive the same.

Execution and recording of this Mortgage subordinates any Declaration of Homestead in the Premises to which Mortgagors may be entitled.

As used herein singular terms shall include the plural and plural terms shall include the singular as the context may require.

THE MORTGAGORS ACKNOWLEDGE THAT THEY HAVE BEEN REPRESENTED BY COUNSEL AND THAT THIS DOCUMENT WAS AVAILABLE FOR REVIEW AND NEGOTIATION PRIOR TO ITS EXECUTION.  THE MORTGAGORS HEREBY AGREE THAT ALL OF MORTGAGEE'S RIGHTS WERE THE RESULT OF NEGOTIATIONS BETWEEN THE MORTGAGEE AND THE MORTGAGORS AND WERE INDUCED IN A MATERIAL RESPECT BY THE BENEFITS GRANTED TO THE MORTGAGOR HEREUNDER.   IN THIS CONTEXT, THE MORTGAGOR, ANY GUARANTORS AND MORTGAGEE ALL AGREE TO WAIVE TRIAL BY JURY AS TO ANY AND ALL MATTERS AND ISSUES WHICH MAY ARISE HEREFROM OR FROM ANY OTHER DOCUMENT, LETTER OR AGREEMENT EXECUTED IN CONJUNCTION HEREWITH, WHETHER DIRECTLY OR INDIRECTLY, INCLUDING WITHOUT LIMITATION, COUNTERCLAIMS, IF ANY.

This Mortgage is made upon the STATUTORY CONDITION for breach of which the Mortgagee shall have the STATUTORY POWER OF SALE.

2

EXECUTED under seal this ___ day of _____, 2024.

Witnessed by:

_____          _____
                                NELSON MBONY

_____          _____
                                IMMACULATE MBONY

_____          _____
                                ADELINE FORYOUNG

STATE OF _____

County of _____ :

    On this _____, 2024 before me, the undersigned notary public, personally appeared NELSON MBONY, proved to me through satisfactory evidence of identification, namely the person was [known to me, identified by affirmation of a credible witness, or identified in _____], to be the person whose name is signed on the preceding document and acknowledged to me that he signed it voluntarily as his free act and deed for its stated purpose.

                                              _____sign and stamp

STATE OF _____

County of _____ :

    On this _____, 2024 before me, the undersigned notary public, personally appeared IMMACULATE MBONY, proved to me through satisfactory evidence of identification, namely the person was [known to me, identified by affirmation of a credible witness, or identified in _____], to be the person whose name is signed on the preceding document and acknowledged to me that he signed it voluntarily as his free act and deed for its stated purpose.

                                              _____sign and stamp

STATE OF _____

County of _____ :

    On this _____, 2024 before me, the undersigned notary public, personally appeared IMMACULATE FORYOUNG, proved to me through satisfactory evidence of identification, namely the person was [known to me, identified by affirmation of a credible witness, or identified in _____], to be the person whose name is signed on the preceding document and acknowledged to me that he signed it voluntarily as his free act and deed for its stated purpose.

                                      _____sign and stamp

23\0488\Mortgage.1601

4

5

**Exhibit A**