# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

| | |
|---|---|
| In re<br>**NELSON MBONY,**<br>**IMMACULATE MBONY,**<br>　　　　　　　　**Debtors** | **Chapter 7**<br>**Case No. 23-40795-CJP** |

## TRUSTEE'S MOTION FOR ORDER AUTHORIZING EXAMINATIONS OF JASON CARTER PURSUANT TO BANKRUPTCY RULE 2004

Now comes Steven Weiss, Chapter 7 Trustee (the "Trustee") and requests that this Court authorize the Trustee to examine and compel the production of documents from Attorney Jason Carter under Federal Rule of Bankruptcy Procedure 2004.  In support of this motion, the Trustee respectfully states as follows:

1.  On September 27, 2023 (the Petition Date") Nelson and Immaculate Mbony (the "Debtors") filed a petition for relief under Chapter 7 of the Bankruptcy Code with this Court.

2.  Steven Weiss was appointed as Chapter 7 trustee.

3.  The matters set forth in this motion constitute core proceedings pursuant to 28 U.S.C. §157(b)(2)(A).

4.  In their bankruptcy schedules (as amended), and in their testimony at the § 341 meetings in this case, the Debtors have asserted that they have claims for legal malpractice against their pre-petition counsel, Jason Carter (referred to herein as the "Claims").

5. The Trustee's investigations so far reveal the following. In 2021 the Debtors entered into an agreement to sell their former residence in Dracut, Massachusetts to Geralda Jean and Jean Baillard (the "Purchasers"). When the Debtors failed to complete the sale, the Purchasers commenced suit in Middlesex Superior Court, seeking an order for specific performance of the sale agreement. The Debtors retained Attorney Carter to represent them.

6. During the course of the Litigation, the Purchasers' counsel propounded various discovery requests to the Debtors; however, no responses were ever provided. Instead, on or about October 20, 2022 the Purchasers filed a Motion to Compel Discovery Answers/Responses with the Superior Court. At a hearing on the discovery motion on November 17, 2022, Attorney Carter represented to the Superior Court that the Debtors' discovery responses were "ninety five percent complete". However, the responses were never completed, which led to yet another hearing, this time on the entry of default judgment.

7. On March 21, 2023 the Superior Court entered default judgment against the Debtors. In doing so, the Superior Court quoted Attorney Carter's representations at the November 17 hearing:

> "When the court asked Attorney Carter how much time he needed to comply with discovery, Attorney Carter stated, 'Your honor I will guarantee that by three weeks from this date that I will have the discovery responses or no objection to the sanctions. If you allow me three weeks, I will have to my brother counsel here, in three weeks, all of the discovery responses". Attorney Cart promised the court he would cooperate with Attorney Leppo to schedule deposition dates, and he would agree to Attorney Leppo's preference for depositions in person or virtually. Attorney Carter stated, "definitely, Your Honor, by three weeks from this date. I would, I would certainly guarantee that those responses would be there, and if not, I'd have no further argument as to any sanctions.' Mr. Carter concluded by asking the court, 'if there are any sanctions to be imposed, they should not be imposed on my client [sic]. It is not my client's fault. It falls solely on me."

8. Despite those promises and representations, the discovery responses were never provided. Thus, on January 5, 2023 the Purchasers filed a motion for judgment and for damages.

2

Following a hearing on March 6, 2023, the Superior Court issued an opinion granting the plaintiffs' request for default judgment.

9. The Purchasers subsequently filed a motion for assessment of damages. Following an evidentiary hearing on June 6, 2023, the Superior Court entered judgment against the Debtors. The Court ordered that the Debtors specifically perform their obligation to sell the Property to the Plaintiffs. In addition, the Court awarded damages of $145,978, plus an additional $7,500 in attorneys' fees and costs.

10. Following the entry of that Order, the Debtors obtained new counsel. There was further skirmishing between the parties as the Purchasers sought to enforce the Order and the Debtors sought appellate review. When the Debtors' request to stay the specific performance required by the Order was denied, they filed their petition for Chapter 7 relief on September 27, 2023, thereby invoking the "automatic stay" provisions of Bankruptcy Code § 362.

11. As these events took place pre-petition, the Claims constitute property of the bankruptcy estate pursuant to § 541(a), that the Debtors suffered damages, and that the Claims may have value for the estate.

12. On or about September 19, 2024 the Trustee made a demand upon Attorney Carter, to which he has not responded, despite several requests.

13. Pursuant to Bankruptcy Rule 2004, this Court may authorize the examination of any entity on all matters pertaining to the property of the Debtosr, or any matters which may affect administration of the Debtors' estates. The Claims clearly are relevant to the administration of this case, and the Trustee believes that examining Attorney Carter will facilitate the Trustee's ability to further evaluate and administer this asset.

14. Pursuant to the Bankruptcy Rule 2004(c), prior to the examinations, the Trustee wishes to compel Attorney Carter to produce documents, including but not limited to those listed on <u>Exhibit "A"</u> attached hereto.

15. The Trustee has conferred with the Debtors' bankruptcy counsel, who has advised the Trustee that the Debtors waive the attorney-client privilege so that the Trustee can investigate and pursue the Claims.

WHEREFORE, pursuant to Federal Rule of Bankruptcy Procedure 2004, the Trustee respectfully prays:

1. That this Court authorize the Trustee to examine Attorney Jason Carter;
2. That this Court authorize the Trustee to compel the production of documents in connection with the examination; and
3. For such further relief as this Court deems just and proper.

Dated this 5th day of December, 2024.

STEVEN WEISS,
CHAPTER 7 TRUSTEE

By: /S/ Steven Weiss, Esq.
Steven Weiss, Esquire
BBO#: 545619
SHATZ, SCHWARTZ AND FENTIN, P.C.
1441 Main Street
Springfield, Massachusetts 01103
(413) 737-1131
sweiss@ssfpc.com

23\0488\Motion.2004.Carter.1601

EXHIBIT A

# **DEFINITIONS**

The following definitions are applicable to and incorporated by reference in each document request.

1. The term "concerning" means referring to, describing, evidencing, reflecting, constituting, or relating to and this term shall have the widest possible definition when used in reference to a document and shall include, by illustration, but not by way of limitation, any document which in any way touches upon, discusses, mentions or in any way has reference to or sheds any light on information upon the subject matter referred to in the specific request, and shall include any document which you intend to produce at trial as evidence with respect to the subject matter of the specific request.

2. The term "correspondence" shall mean any document sent or delivered by one or more persons to one or more other person, including but not limited to letters, draft letters, memoranda, telephone messages, texts, email or things in writing.

3. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rules of Civil Procedure 34(a) and further as used herein, the meaning shall include writings, recordings or other preserved or stored information of any kind, formal or informal, whether or not wholly or partially in handwriting, including by way of illustration and not by way of limitation, any invoice, receipt, endorsement, check, bank draft, cancelled check, deposit slip, withdrawal slip, order, correspondence, book record, memorandum, note, contract, minutes, memorandum of telephone or other conversations or of any meeting or agreement of the like, diary, calendar, desk pad, scrapbook, notebook, bulletin, circular, form, pamphlet, statement, journal, postcard, letter, telegram, telex, report, notice, message, analysis, comparison, photostatic or other copy of any document, microfilm or other film record, any photograph, any sound recording on whatever type of device, any punch card, disc, disc pack, any tape or other type of memory generally associated with computers and data processing (together with the programming instructions and other written material necessary to use such punch card, disc or disc pack, tape or other type of memory and together with printouts of such punch card, disc or disc pack, tape or other type of memory, including (a) every copy of each document which is produced, (b) every copy of which has any writing, figure, notation, annotation, or the like on it, (c) drafts, (d) attachments to or enclosures with any document, (e) every document referred to in any other document; and further shall include each and every item of documentary evidence that you intend to introduce at trial as evidence on any issue (including subordinate or preliminary issues) which are the subject matter of (i) any specific request contained herein, or (ii) any allegation which is referenced in any specific request contained herein. A draft or non-identical copy is a separate document within the meaning of this term.

The term document also includes electronic mail (or "e-mail") which is data received and/or sent via a local area network or a wide area network. All information or data stored

5

electronically capable of being downloaded, printed, or otherwise retrieved from a database is a "document" within the meaning of this term.

3. The terms "indicate," "relate to," "refer to," "involve" and "evidence" shall have the widest possible definitions when used in reference to a document and shall include, by illustration, but not by way of limitation, any document which in any way touches upon, discusses, mentions or in any way has reference to a document, or sheds any light on information upon the subject matter referred to in the specific request, and shall include any document which you intend to produce at trial as evidence with respect to the subject matter of the specific request.

4. "You" or "your" refer to Jason Carter, Esquire, and any of your employees, agents, representatives, servants, affiliated corporations or limited liability companies, and attorneys and any other person or entity acting or purporting to act on your behalf.

5. The term "Debtors" refers to Nelson and Immaculate Mbony.

6. The term "Litigation" refers to the case of Jean and Baillard v. Mbony, Middlesex Superior Court Case No. 2181CV996.

## DOCUMENTS TO BE PRODUCED

1. Copies of all correspondence and emails between you and the Debtors.

2. Copies of all correspondence and emails between you and counsel for the Purchasers.

3. Copies of the retention agreement between you and the Debtors concerning the Litigation.

4. Records of all payments made by the Debtors to you in connection with the Litigation.

5. Copies of all drafts of discovery responses that were prepared by you in connection with the Litigation.

6. Copies of all malpractice or errors and omissions policies that you have had from January 1, 2021 to date.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re<br>**NELSON MBONY,**<br>**IMMACULATE MBONY,**<br>　　　　　Debtors | Chapter 7<br>Case No. 23-40795-CJP |

## CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on December 5, 2024, a copy of the foregoing Motion for 2004 Exam was mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Nelson Mbony
Immaculate Mbony
1 Wood Stork Court
Middletown, DE 19709

Glenn Russell, Jr.
Law Office of Glenn F. Russell, Jr.
38 Rock Street, Suite #12
Fall River, MA  02720

Jason W. Carter, Esquire
P.O. Box 760
Hingham, MA  02043

　　　　　　　　　　　　　　　　　　　/S/ Steven Weiss
　　　　　　　　　　　　　　　　　　　Steven Weiss, Esquire